IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| In re: | CHAPTER 13 PROCEEDINGS |
|---|---|
| JOSEPH T REICHARDT, | Case No. 4:20-bk-12317-BMW |
| ELIZABETH A REICHARDT, | **STIPULATED ORDER CONFIRMING FIRST AMENDED CHAPTER 13 PLAN** |
| Debtors. | |

The First Amended Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the First Amended Plan of the Debtors as follows:

(A) **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

1) Future Earnings or Income. Debtors shall make the following monthly Plan payments:

| Months | Amount |
|---|---|
| 1-3 | $786.00 |
| 4-60 | $1,034.00 |

*DCK*

The payments are due on or before the 10th day of each month commencing December 10, 2020. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term.

Any funding shortfall must be cured before the plan is deemed completed. Within 14 days of filing them, the Debtor will provide a copy of their **federal** and **state** income tax returns for post-petition years within 15 days of filing them to his attorney, who is to provide the returns to the Trustee through mail@dcktrustee.com. The purpose is to assist the Trustee in determining any change in debtor's annual disposable income.

2) Other Property. *Debtors shall retain the 2020 income tax refund. If the Debtors receive a tax refund in excess of $1,000, for post-petition years 2021 through 2025, the debtors shall pay such refund directly to the Trustee as supplements to the plan. In the event that other property is submitted, it shall be treated as supplemental payments.* In no event *will* the term of the Plan be reduced to less than 36 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(B) **DURATION.** This Plan shall continue for 60 months from the first regular monthly payment described in Paragraph (A) (1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay creditors in the following order:

1) Administrative expenses:

   Attorney Fees. Thomas McAvity, shall be allowed total compensation of $4,500.00. Counsel received $16.00 prior to filing this case and will be paid $4,484.00 by the Chapter 13 Trustee.

   Flat Fee. Counsel for the Debtor has agreed to a total sum of $4,500.00 to represent the Debtor.

2) Claims Secured by Real Property:

   a. None.

3) Claims Secured by Personal Property:

   a. Ally Capital, secured by a lien in a 2013 Volkswagen Passat shall be paid $12,070.90 with 6.00% interest. The creditor will receive adequate protection payments of $150.00 per month. The balance of the claim shall be classified as an unsecured non-priority claim.

   b. Flagship Credit Acceptance, secured by a lien in a 2018 Dodge Journey, shall be paid $20,364.12 with 6.00% interest. The creditor will receive adequate protection payments of $200.00 per month. The balance of the claim shall be classified as an unsecured non-priority claim.

4) Unsecured Priority Claims:

Case 4:20-bk-12317-BMW    Doc 37    Filed 10/02/21    Entered 10/04/21 08:11:32    Desc
Main Document    Page 2 of 5

a. Missouri Department of Revenue has an unsecured priority claim for income taxes for 2019. This creditor will be paid $376.98, the total priority claim of through the plan with no interest.

5) <u>Surrendered Property</u>. Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property:

a. None.

6) <u>Other Provisions</u>:

**SPECIAL CLASS FOR FEDERAL STUDENT LOANS**

**Debtors are currently indebted to NELNETWORK, in the amount of approximately $4,920.00, MOHELA, in the amount of approximately $30,157.00, and USDOE/GLEL SI and/or its servicers in the amount of approximately $34,991.00, for federal student loan obligations ("Federal Student loans"), which are listed on Schedule F and denoted as Student Loan Obligation.**

**The Debtor is not seeking, nor does this Plan provide for any discharge, in whole or in part, of these Federal Student Loans nor any post-petition interest or fees thereon pursuant to 11 USC §523(a)(8).**

**The Federal Student Loans are general unsecured debt that is to be classified separately from other general unsecured debts pursuant toll USC §1322(b)(1).**

**Upon confirmation of this Plan, Debtors may seek consolidation or rehabilitation to get out of default and ultimately apply for enrollment in (and/or already be enrolled in) an Income-Driven Repayment Plan ("IDR") with USDOE, or any other entity so designated by USDOE (collectively called, "Federal Student Loan Entities").**

**Federal Student Loan Entities shall not be required to enroll Debtor in any IDR unless Debtors otherwise qualify for such repayment plan.**

**In the event that Debtors are permitted enrollment in an IDR, they shall be permitted to pay these Federal Student Loans outside of the Plan directly pursuant to 11 USC §1322(b)(5).**

**The Chapter 13 Trustee shall not make any payments to the Federal Student Loans evidenced by any Proofs of Claim filed by the US Department of Education or its servicers, but instead payments shall be made outside of the Chapter 13 Plan.**

**Debtor shall be permitted to seek re-enrollment or recertification in an IDR without further permission of the Court.**

The provisions of 11 USC §362 shall be deemed to be lifted as of the date of confirmation of this Plan as to Federal Student Loan Entities so as to permit said Federal Student Loan Entities to take the following actions:

1. Remove the Federal Student Loans from any deferment or forbearance that may currently be in effect by virtue of the filing of the within Chapter 13 bankruptcy case.
2. Communicate directly with Debtor by mail, telephone, or email; and
3. Review and evaluate any applications submitted by Debtor to consolidate, rehabilitation and/or to seek enrollment, re-enrollment, or recertification under any Income-Dependent Repayment Plan for which Debtors would otherwise be eligible.

The provisions of this section shall apply solely to these Federal Student Loans.

7) <u>Unsecured Non-priority Claims</u>. All other claims shall be classified as general unsecured and non-priority. Such claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon confirmation.

---

## ORDER SIGNED ABOVE

---

Approved as to Form and Content by:

*Digitally signed by Dianne C. Kerns*
*Date: 2021.09.28 14:21:51 -07'00'*

Dianne Crandell Kerns, Trustee

Thomas McAvity,
Attorney for Debtor

The Debtors certify: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

*(signature)*

JOSEPH T REICHARDT, Debtor

*(signature)*

ELIZABETH A REICHARDT, Debtor